UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Lejeune

Versus

Prudential Insurance Co of America

Civil Action No. 19-01270

Judge David Joseph

Magistrate Judge Carol B Whitehurst

## ORDER

Pending before the Court, on referral from the district judge, is a Motion For Judgment On Administrative Record Or Alternatively Summary Judgment filed by Plaintiff, Natasha Lejeune ("Lejeune"), [Rec. Doc. 22], Defendant's Opposition [Rec. Doc. 26], and Plaintiff's Reply and Sur-reply [Rec. Docs. 32, 40]; and Defendant, Prudential Insurance Company of America's ("Prudential"), Cross Motion For Summary Judgment [Rec. Doc. 28], Plaintiff's Opposition [Rec. Doc. 33] and Defendant's Reply and Sur-reply [Rec. Docs. 37, 46].

## I.    STANDARD OF REVIEW

This case is governed by the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (ERISA). The parties agree that the Court should decide this case on the written submissions of the parties based on a de novo review of the administrative record. *R. 22 at p. 2; R. 26 at p. 3*; *Ariana M. v. Humana Health Plan of Texas, Inc*., 884 F.3d 246 (5th Cir. 2018) (en banc) (review of denial of benefits decision is governed by de novo standard of review rather than abuse of

discretion). Under a de novo standard of review, the Court's task is to determine whether the administrator made a correct decision. *Pike v. Hartford life and Acc. Ins. Co.,* 368 F. Supp.3d 1018, 1030 (E.D. Tex. 2019). The court must "independently weigh the facts and opinions in the administrative record to determine whether the claimant has met his burden of showing that he is disabled within the meaning of the policy." *Id*. It must also "resolve questions of material fact, assess expert credibility, and—most critically—weigh the evidence." *Id.* at 1035 ("The administrator's decision to deny benefits 'is not afforded deference or a presumption of correctness.'") *Koch v. Metro. Life Ins. Co*., 2019 WL 6329383, at *2 (N.D. Tex. Nov. 26, 2019). "De novo review requires that the court apply the same standard as the plan administrator in deciding whether the benefits were owed under the plan's terms." *Ariana M. v. Humana Health Plan of Texas, Inc*., 2018 WL 4384162, at *12 (S.D. Tex. Sept. 14, 2018), aff'd by 792 F. App'x 287 (5th Cir. 2019). It remains the Plaintiff's burden to show by a preponderance of the evidence that he is entitled to benefits. *Pike,* 368 F. Supp.3d at 1030.

The Fifth Circuit recently acknowledged "there is an open question whether it is appropriate to resolve ERISA claims subject to de novo review on summary judgment, or whether the district court should conduct a bench trial." *Katherine P. v. Humana Health Plan, Inc*., 959 F.3d 206, 208 (5th Cir. 2020). In *Katherine P.* the court declined to answer the open question because the parties did not raise it, but

reversed entry of summary judgment for the defendant and remanded for further proceedings due to a genuine issue of material fact precluding summary judgment. Here, the parties have each filed a motion for summary judgment. While Plaintiff does not request a bench trial, she moves for "judgment on briefs, rather than on summary judgment." The Court construes Plaintiff's request as one for trial on the administrative record and briefs pursuant to Rule 52, instead of relying on traditional summary judgment principles in Rule 56. In *Katherine P.,* the court instructed that it is not proper for the District Court to enter summary judgment under Rule 56 in an ERISA case subject to de novo review if the administrative record presents a genuine issue of material fact. *See Koch v. Metro. Life Ins. Co*., 425 F. Supp. 3d 741, 746-47 (N.D. Tex. 2019)(surveying authorities and concluding that summary judgment is not proper where the Court must conduct an independent review of the administrative record).

Here, Prudential moves the Court to affirm its denial of Plaintiff's claim for optional life insurance benefits and enter judgment for Prudential. Plaintiff contends there are disputed issues of material fact that exist related to Prudential's denial of her claim that this Court should resolve. The parties' Joint Stipulations regarding the Administrative Record provide that the parties disagree as to whether certain documents should constitute the Administrative Record and therefore be considered on the merits determination. *R. 21, ¶¶ (b) (c) (d)*.

3

## II.    ANALYSIS

Plaintiff contends there exist issues of material fact regarding: (1) whether she was denied a full and fair review by Prudential and whether she failed to file an appeal of the decision and therefor did not exhaust her administrative remedies; (2) whether Pickett misrepresented his medical history on the July 21, 2017 Short Form, relied on by Prudential in denying Plaintiff's claim; and, (3) whether Prudential's denial letter which made no mention of suicide and misstated Pickett's medical records should be rescinded. The Court will initially address Prudential's contention that Plaintiff failed to exhaust her administrative remedies.

ERISA mandates certain procedures in reviewing denial-of-benefits decisions. In relevant part, ERISA provides:

> [E]very employee benefit plan shall
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133 (2006). The Fifth Circuit holds that "Section 1133 and its corresponding regulations require that the Plan: (1) provide adequate notice; (2) in writing; (3) setting forth the specific reasons for such denial; (4) written in a manner

4

calculated to be understood by the participant; and (5) afford a reasonable opportunity for a full and fair review by the administrator." *Wade v. Hewlett–Packard Dev. Co. L.P. Short Term Disability Plan*, 493 F.3d 533, 540 (5th Cir.2007) (abrogated on other grounds).  Further, "[t]o comply with the full and fair review requirement in deciding benefit claims under ERISA, a claim administrator must provide the specific grounds for its benefit claim denial." *Cooper v. Hewlett–Packard Co*., 592 F.3d 645, 652 (5th Cir.2009).

All ERISA plans are required to provide claims procedures and claims appeal procedures. 29 U.S.C. § 1133. The provision governing claims procedure under ERISA provides that every employee benefit plan shall "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." *Id*. at § 1133(2); *see also* 29 C.F.R. § 2560.503-1 (outlining the minimum requirements for mandatory review procedures in ERISA cases). It is also well-established that federal courts have the authority to require exhaustion of remedies in suits arising under ERISA. *Hall v. National Gypsum Co*., 105 F.3d 225, 231 (5th Cir.1997). The law of the Fifth Circuit is generally that a plaintiff must exhaust administrative remedies afforded by an ERISA plan before suing to obtain benefits allegedly wrongfully denied. *Bourgeouis v. Pension Plan for Employees of Santa Fe Intern. Corps*., 215 F.3d 475, 479 (5th Cir.2000). It lies within the Court's sound

discretion as to "whether plaintiffs have exhausted their administrative remedies under ERISA and can proceed with a lawsuit." *Harris v. Trustmark Nat'l Bank*, 287 F. App'x 283, 294 (5th Cir. 2008) (per curiam) (citing *Hall*, 105 F.3d at 231).

In response to Prudential's argument that Plaintiff did not exhaust her administrative remedies before filing suit, Plaintiff asserts that, despite multiple requests, Prudential failed to provide her with a copy of the Administrative Record until after this lawsuit was filed. *R. 22-1.* She contends that as a result, Prudential failed to provide her with a reasonable opportunity for a full and fair review and her administrative remedies should be deemed exhausted. In support, Plaintiff attaches affidavits by her counsel, Craig Davis and Price McNamara, testifying to the details of their successive written requests and requests by telephone for the claim file in this case, and their failure to ever receive it before filing suit. *R. 22-3, R. 21-16, pp. 1292-1326.*[1] Plaintiff's Co-counsel Davis states that his written request was on June 26, 2019. *R. 21-16.* Plaintiff's Counsel McNamara states that he sent written requests on July 9, August 14 and August 23, 2019. *R. 21-16.* Attached to McNamara's affidavit are a series of emails from his paralegal, to Prudential personnel who, on each call, claimed to be familiar with this claim by name and by claim number.[2] *See*

---

[1] The affidavits are not part of the Administrative Record but were filed under category (d) as "documents that the parties agree are not a part of the administrative record, but which the plaintiff contends should be considered…" for standard of review, ruling on the merits "and other issues as appropriate." *R. 22-2.* The Court will consider the sworn affidavits in these cross-motions, *R. 21-16,* for summary judgment pursuant to Fed. R. Civ. P. 56(c).

[2] Prudential does not dispute the aforesaid, but disputes Plaintiff's statement that the claim file was never received by her counsel. R. 27, ¶¶ 15-30.

6

*AR 381 – 383, 385, 386, 391, 399, 403, 404, 440, 457 – 460.*

The record reflects that this case was filed on September 30, 2019. *R. 1.* Plaintiff contends that Prudential's first production of what it called the entire file was by email to McNamara on November 25, 2019 and consisted of 284 pages. *R. 21, (b).* Prudential filed into the record on May 15, 2020, 684 pages of additional documents. *R. 21, (c), 1052-1291.* On May 23, 2020, Prudential filed into the record 923 pages which it had provided to McNamara "about two weeks prior." *R. 22-2, (a), Nos. 79-763, Aff. Of McNamara.* The production and filing were "long after suit was filed" and "after Plaintiff's deadline for administratively appealing the denial." *R. 22-2, p. 8.* The record contains no proof of postmark, no dated receipt nor evidence of mailing to contradict the foregoing sworn affidavits of Plaintiff's counsel and the corroborating documentation.

Plaintiff also contends that the denial related to Pickett's Short Form application was improperly based on Pickett's medical records that were dated after Pickett executed the Short Form. She further contends that Prudential's defense related to the Policy exclusion for Pickett's suicide was not raised in the Denial Letter and therefore should be waived. Plaintiff argues that Prudential's failure to timely produce the claim file resulted in the impossibility for her to have meaningfully administratively appealed Prudential's denial before filing suit. She contends that as a result, Prudential did not substantially comply with the

requirement of "full and fair review."

"Remand to the plan administrator for full and fair review is usually the appropriate remedy when the administrator fails to substantially comply with the procedural requirements of ERISA." *Lafleur v. Louisiana Health Service & Indemnity Co*., 563 F.3d 148, 157 (5th Cir.2009). (citing authorities). This rule is applicable where there is a colorable claim for denial of benefits. *Id*. at 158 (citing *Gagliano v. Reliance Standard Life Ins. Co*., 547 F.3d 230, 240 (4th Cir.2008)). On remand, Lafleur can file an appeal of her claim based on the entire administrative record.

## III.   CONCLUSION

Based on the foregoing, the Court agrees that Prudential's failure to provide Lejeune with the entire record prevented her from a reasonable opportunity for a full and fair review. Thus, remand to Prudential is appropriate to give Lejeune an opportunity to fully develop the record.[3]  Accordingly,

**IT IS ORDERED THAT** Plaintiff, Natasha Lejeune's claim for optional life insurance benefits is remanded to the Administrator for a full and fair review of the entire Administrative Record.

---

[3] Prudential does not oppose such a remand, but rather, offers it as a suggested remedy. *R. 26, p.7, FN 2* (citing *Rossi v. Precision Drilling Oilfield Srvs. Corp. Employee Benefits Plan,* 704 F.3d 362, 368 (5th Cir. 2013).

Thus done and signed in Lafayette, Louisiana on this 4th day of January,

2021.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**